# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class DAVID E. BLACK**
**United States Army, Appellant**

ARMY 20170140

Headquarters, United States Army Recruiting Command, Fort Knox
Matthew A. Calarco and James A. Ewing, Military Judges
Colonel Rick S. Lear, Staff Judge Advocate

For Appellant:  Captain Patrick G. Hoffman, JA (on brief)

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA (on brief)

13 July 2018

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Senior Judge:

This case is before us for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. 866 [hereinafter UCMJ].

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of possession of child pornography, in violation of Article 134, UCMJ.  The military judge sentenced appellant to a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as extended to a dishonorable discharge, twenty-four months confinement, and reduction to the grade of E-1.

In this case, we conclude that, in light of *United States v. Forrester*, 76 M.J. 479 (C.A.A.F. 2017), and *United States v. Mobley*, __M.J.__ (Army Ct. Crim. App. 22 June 2018), Specifications 2 and 3 of The Charge are multiplicious and should be consolidated.  As we held in *Mobley*, the allowable unit of prosecution for

possessing child pornography in violation of Article 134, UCMJ, is the "material" that contains sexually explicit images of minors. In this case, the material containing sexually explicit images of minors is the same in Specifications 2 and 3 of The Charge.

## BACKGROUND

The military judge found appellant guilty of the three specifications of possession of child pornography, in violation of Article 134, UCMJ as follows:[1]

> SPECIFICATION 2: [Appellant], U.S. Army, did, at or near Glenview, Illinois, between on or about 1 August 2014 and on or about 25 June 2015, knowingly and wrongfully possess child pornography, to wit: two hundred forty-one (241) digital images, located on his HP Compaq Presario Laptop computer of minors, or what appear to be minors,[2] engaging in sexually explicit conduct, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

> SPECIFICATION 3: [Appellant], U.S. Army, did, at or near Glenview, Illinois, between on or about 4 September 2013 and on or about 25 June 2015, knowingly and wrongfully possess child pornography, to wit: forty-three (43) digital images, located in the unallocated space of his HP Compaq Presario Laptop computer of minors, or what appear to be minors, engaging in sexually explicit conduct, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

---

[1] Although not relevant to the issue of multiplicity, the promulgating order incorrectly states the content of all three specifications. Specifications 2 and 3 are addressed in our decretal paragraph. The clerk's office will separately issue a certificate of correction to address the errors in the promulgating order with respect to Specification 1.

[2] The government's failure to charge that the images were "obscene" was mooted by appellant's explanation during his providence inquiry that the images were of actual minors, not merely "what appear to be minors."

**LAW AND DISCUSSION**

In *Forrester*, our superior court clarified that the unit of prosecution for possessing child pornography is tied to the material containing illicit images, and "not the quantity or variety of visual depictions." *Forrester*, 76 M.J. at 481. In *Mobley*, we held when multiple illicit images or videos are possessed on a single computer, the computer is the "material" constituting the unit of prosecution. *Mobley*, slip op. at 5.

The relevant facts of this case are similar to the facts in *Mobley*. Appellant admitted possessing two hundred forty-one illicit images on his laptop computer, as reflected in Specification 2. Appellant admitted possessing forty-three illicit images on the same laptop computer as reflected in Specification 3. The date range of Specification 2 is wholly within the date range of Specification 3. The only other difference between the two relevant specifications is the images in Specification 3 were stored in unallocated space while the images in Specification 2 were not.

We conclude the proper unit of prosecution for both Specification 2 and Specification 3 is the appellant's laptop computer, regardless of whether the images were found in allocated or unallocated space. Accordingly, we consolidate Specifications 2 and 3 of The Charge in our decretal paragraph.

The military judge correctly noted that several of the images at issue are duplicates. The number of images alleged, however, is irrelevant to the unit of prosecution and is surplus to the specification the government chose to draft. While the number of images is a proper matter in aggravation, it need not be alleged in the specification and may be offered as aggravating evidence through a stipulation of fact, or any otherwise proper form of evidence. For the purposes of alleging the offense of possession of child pornography under Article 134, UCMJ, it suffices to charge that an accused possessed "multiple" images.

**CONCLUSION**

Specifications 2 and 3 of The Charge are consolidated into Specification 2 of The Charge as follows:

> In that SFC (E-7) David E. Black, U.S. Army, did, at or near Glenview, Illinois, between on or about 4 September 2013 and on or about 25 June 2015, knowingly and wrongfully possess child pornography to wit: two hundred eighty-four (284) digital images, located on his HP Compaq Presario Laptop computer of minors, or what appear to be minors, engaging in sexually explicit conduct, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

BLACK—ARMY 20170140

The finding of guilty of Specification 2 of The Charge, as consolidated, is AFFIRMED. The findings of guilty of Specification 1 of The Charge, and The Charge are AFFIRMED.

We reassess the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and we are confident the military judge would have adjudged a sentence at least as severe as the approved sentence absent the error described above. While the consolidation of Specifications 2 and 3 of The Charge reduces appellant's exposure from thirty years to twenty years, the gravamen of the criminal conduct remains substantially the same. Here, appellant was convicted of possessing a computer containing two hundred eighty-four digital images of minors engaging in sexually explicit conduct on his laptop computer and possessing, on an external hard drive, ten digital images and forty-five videos of minors engaging in sexually explicit conduct.

Reassessing the sentence based on the noted error and the entire record, we AFFIRM the approved sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Judge SALUSSOLIA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4